UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA E. NEATHERY,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>CHEVRON TEXACO CORPORATION GROUP ACCIDENT POLICY NO. OK 826458 et al.,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 05 CV 1883 JM (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD ON REVIEW**<br><br>**[Docket No. 93]** |

　　　　This is an ERISA case wherein Plaintiff seeks judicial review of Defendants' denial of employee benefits. Pending before the court is Plaintiff's Motion to Supplement the Record on Review by which Plaintiff requests that the court consider additional evidence, not before Defendants during administrative review, in deciding whether Defendants' denial of employee benefits was proper. Plaintiff contends the court must consider this additional evidence pursuant to Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006) (en banc). Defendants oppose the motion and have also moved separately to strike the evidence. The court deemed the matter suitable for decision without oral argument pursuant to Local Rule 7.1.d.1. After considering the parties' papers and the authorities cited therein, the court hereby **DENIES** the motion for the reasons that follow.

**I.　BACKGROUND**

　　　　The underlying events are alleged as follows. On May 19, 2004, Plaintiff's husband, an employee of Chevron-Texaco, died at work when the truck he was driving veered for some reason to

the side of the road, striking the corner of an oil well pump cage. The airbag of the truck deployed and the seatbelt pressed against his lap and stomach. At some point either before or after the truck crashed, the decedent's stomach contents were forced up into his throat and then back down. He was pronounced dead at the scene.

On June 24, 2004, Plaintiff submitted to Defendants claims for accidental death insurance proceeds pursuant to the two insurance policies at issue in this case. On September 13, 2004, Defendants denied benefits on the ground that a medical crisis, not a work accident, had caused her husband's death. Comp., Ex. H at 4 (Defendants' letter stating that "Robert Neathery experienced an illness of unknown etiology that caused him to vomit and aspirate the material causing his suffocation."). The insurance policies exclude benefits caused by or resulting from sickness or physical illness.

On May 19, 2005, Plaintiff filed an appeal with Defendants. Before the appeal was decided, Plaintiff filed this lawsuit on September 30, 2005. Thereafter Defendants litigated this lawsuit and processed Plaintiff's appeal at the same time.

In connection with the administrative appeal and after Plaintiff filed suit, Defendants provided to Plaintiff on December 19, 2005 the report of Dr. James Lewis (the "Lewis Report"), who opined that the decedent's death was caused by an acute myocardial event. Defendants indicated to Plaintiff that they would rely on the Lewis Report in deciding the appeal, and asked Plaintiff to submit written comments thereto which Defendants would then incorporate into the administrative record. See Horner Decl., Ex. 1, n.1. In a December 29, 2005 response letter, Plaintiff declined to submit comments, contending that because Plaintiff had exhausted her administrative remedies, the administrative record was therefore closed and Defendants had no right to continue with the appeal. Id. at 2 ¶ 1.[1] In the same letter, Plaintiff "reserved her right" to comment on the Lewis Report at a later time, and have those comments incorporated into the administrative record, should the court decide to consider the Lewis Report. Id. at 2 ¶ 2.

---

[1] As of December 29, 2005, however, the court had not yet ruled that Plaintiff had exhausted her administrative remedies.

On December 20, 2005, Plaintiff moved for partial summary judgment on the issue of whether Plaintiff had exhausted her administrative remedies, thereby entitling her to judicial review. See Docket No. 10; 29 C.F.R. § 2560.503-1(*l*) ("In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act[.]").

In a January 12, 2006 letter, Defendants again invited Plaintiff to submit written comments on the Lewis Report before Defendants would issue a final decision:

> Ninth Circuit case law holds that the Administrative Record closes once LINA issues it [sic] final decision on appeal, irrespective of whether your client has been deemed to have exhausted her administrative remedies. However, even if this were not the case your client is not harmed by commenting on Dr. Lewis' report, as she can always argue to the Court at a later date the reasons why she believes the report should not be given any merit . . .
>
> Accordingly, I urge you to notify me immediately if you and/or your experts would like to comment on Dr. Lewis' report. If I do not hear from you, as to your intention in this regard within the next 10 days, LINA will proceed to close the Administrative Record and issue a final decision on your client's appeal without additional comment from her.

Bernacchi Decl. in Support of Motion to Strike, Ex. 14. at 77-78. Plaintiff declined this second invitation to comment, again "reserving her rights" to comment later. Horner Decl., Ex. 2. Defendants continued to process the appeal.

On January 27, 2006, Defendants denied Plaintiff's administrative appeal on the ground that the decedent died from an acute myocardial event[2] and therefore benefits were not due under the policies' terms. See Horner Decl., Ex. 4.

On February 14, 2006, the court granted Plaintiff's motion for partial summary judgment, concluding that Plaintiff had exhausted her administrative remedies. See Docket No. 33.

On May 8, 2006, Plaintiff moved for partial summary judgment on the standard of review applicable to Defendants' denial of benefits. On July 31, 2006, the court ruled that the applicable

---

[2]This is to be contrasted with the reason given for the initial denial of benefits, which was that the decedent had died from inhaling his own vomit.

1  standard was abuse of discretion.

2  Now comes the present motion. Plaintiff seeks to supplement the administrative record with
3  all of the evidence contained in the Horner Declaration, which includes among other things (1) the
4  report of Dr. Miller; (2) the report of Dr. Fred Simon; (3) the report of Dr. C. Kochenderfer; and (4)
5  Plaintiff's counsel's investigation of Dr. Lewis's professional background. This supplemental
6  evidence is offered for the purpose of attacking the credibility of the Lewis Report. See Mot. at 23-24.
7  Plaintiff argues that the Ninth Circuit's recent en banc decision in Abatie requires this court to
8  consider her supplemental evidence when it ultimately decides whether Defendants abused their
9  discretion. The court disagrees.

10 **II.     ERISA: BASIC PRINCIPLES**

11 ERISA requires a plan administrator ("PA") to provide plan participants with adequate notice
12 of the reasons for denial and must provide a "full and fair review" of the participant's claim. 29
13 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(g)(1), (h)(2).

14 This court has already determined that it will review Defendants' denial of benefits for abuse
15 of discretion. See Docket No. 63. When the abuse of discretion standard applies, the court's review
16 is limited to the administrative record before the PA and the court may not consider extrinsic evidence.
17 Abatie, 858 F.3d at 970; Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan,
18 349 F.3d 1098, 1110 (9th Cir. 2003); McKenzie v. General Tel. Co., 41 F.3d 1310, 1316 (9th Cir.
19 1994). There are, however, two exceptions to this general rule. First, "the district court may, in its
20 discretion, consider evidence outside the administrative record to decide the nature, extent, and effect
21 on the decision-making process of any conflict of interest; the decision on the merits, though, must
22 rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence
23 or otherwise." Abatie, 458 F.3d at 970; see also Tremain v. Bell Indus, Inc., 196 F.3d 970, 976-77
24 (9th Cir. 1999). The existence of a conflict of interest is one factor to consider in determining whether
25 the PA abused its discretion, and must be given more or less weight depending on the circumstances:

26  The level of skepticism with which a court views a conflicted administrator's decision
    may be low if a structural conflict of interest is unaccompanied, for example, by any
27  evidence of malice, of self-dealing, or of a parsimonious claims-granting history. A
    court may weigh a conflict more heavily if, for example, the administrator provides
28  inconsistent reasons for denial, [Lang v. Long-Term Disability Plan of Sponsor
    Applied Remote Technology, Inc., 125 F.3d 794, 799 (9th Cir. 1997)]; fails adequately

> to investigate a claim or ask the plaintiff for necessary evidence, Booton v. Lockheed Med. Benefit Plan, 110 F.3d 1461, 1463-64 (9th Cir.1997); fails to credit a claimant's reliable evidence, Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003); or has repeatedly denied benefits to deserving participants by interpreting plan terms incorrectly or by making decisions against the weight of evidence in the record.

Abatie, 458 F.3d at 968-69.

Under the second exception, extrinsic evidence may be properly considered when procedural irregularities during administrative review affect administrative review by, for example, preventing a full development of the administrative record. Id. at 973. This second exception, which may be invoked even when a defendant's decision is reviewed for abuse of discretion, allows the court to "recreate what the administrative record would have been had the procedure been correct." Id.

Thus, in order for Plaintiff to prevail, the court must find that her supplemental evidence falls within one of the two exceptions. As demonstrated below, neither exception applies in this case.

## III. DISCUSSION

### A. Conflict of Interest Exception

Plaintiff argues that her supplemental evidence will show that the Lewis Report is so medically unsound that the only possible reason Defendants could have relied on it is to deny benefits, and that therefore the supplemental evidence is relevant to determining the extent and nature of Defendants' conflict of interest. See Mot. at 17. In response, Defendants argue that Plaintiff's evidence is not relevant to finding a conflict of interest.

Defendants have the stronger argument. Viewed as a whole, Plaintiff's supplemental evidence is offered to show that the Lewis Report is not credible. For example, Plaintiff contends the evidence shows that Dr. Lewis's Curriculum Vitae is inaccurate, that he is not a practicing physician or otherwise licensed or board-certified, and that he is paid to render opinions for Defendants.[3] See Mot. at 17-18; Horner Decl., Exs. 5, 23-25. The focus of the exception, however, is the extent to which the defendant is operating under a conflict of interest. Any evidence of Dr. Lewis's alleged professional incompetency is irrelevant to that determination. In sum, Plaintiff's supplemental evidence is not

---

[3] Although payment for Dr. Lewis's services could raise a conflict of interest issue, there is no evidence that Dr. Lewis is paid based on the substance of his opinion or that it is improper for insurance companies to pay their experts.

offered to show "the nature, extent, and effect on the decision-making process of any conflict of interest" on the part of Defendants and therefore it is not admissible pursuant to this exception. Abatie, 458 F.3d at 970.

### B. Procedural Irregularity Exception

Under this exception, the court properly considers extrinsic evidence when a procedural irregularity affects administrative review, such as when the irregularity prevents the full development of the record. Abatie, 458 F.3d at 973. Plaintiff identifies two procedural irregularities in this case: (1) Defendants' rendering of a final decision on her appeal after Plaintiff had already filed suit and (2) stating a new reason for denying benefits on appeal. See Mot. at 19.

Plaintiff has not shown why the first irregularity, if it is an irregularity, prevented a full development of the record or otherwise affected administrative review. Although it is unusual for an ERISA defendant to issue a final decision after the plaintiff has already filed suit, it is not unheard of. See Jebian, 349 F.3d at 1102 (reviewing merits of defendant's final denial of benefits even though final denial was issued after plaintiff filed suit); Gritzer v. CBS, Inc., 275 F.3d 291, 294 (3d Cir. 2002) (same). More importantly, it is undisputed that Defendants twice offered Plaintiff the opportunity to respond to the Lewis Report before issuance of a final decision. Plaintiff declined both opportunities under "reservation of right" to comment later should the court consider the Lewis Report part of the administrative record. Horner Decl., Exs. 1 at 2, 2 at 2. Plaintiff, however, does not cite, nor is the court aware of, any authority in support of such a right. Under these circumstances, it cannot reasonably be said that the alleged procedural irregularity–Defendants' issuance of a final decision after Plaintiff initiated litigation–"prevented full development of the administrative record." Abatie, 458 F.3d at 973; see also Fulayter v. Prudential Ins. Co. of America, 2007 U.S. Dist. LEXIS 8394, *30-31 (D. Ariz. Feb. 6, 2007) (citing Abatie and providing that defendant's denial of benefits was subject to "high level of scrutiny" when defendant relied on new reason for denying benefits on administrative appeal when the plaintiff-claimant had no opportunity to respond). Rather, it was by Plaintiff's conduct that her comments were not incorporated therein.

/ / /

/ / /

///

Additionally, to the extent Plaintiff argues that submitting comments would have created an undue burden and therefore Plaintiff was somehow excused at the time from hiring experts to comment on the Lewis Report, Plaintiff has not cited any basis in law or fact for that argument. See Mot. at 19.

Plaintiff also argues that she was under no legal obligation to comment because her claim was no longer under administrative review but under judicial review. See, e.g., Mot. at 5 ("Plaintiff continues to respectfully contend that this constituted improper supplementation of the record by the claim fiduciary in the middle of litigation and outside the administrative process."). Again, the argument must fail because Plaintiff cites no authority in support thereof.

As to the second alleged irregularity–stating a new reason for denial on appeal–Plaintiff's arguments are also unavailing.[4] Plaintiff interprets Abatie as requiring the court to consider a plan participant's extrinsic evidence anytime a PA states a new reason for denying benefits on appeal. Mot at 19. The Abatie rule, however, is more refined than that:

> Even when procedural irregularities are smaller . . . and abuse of discretion review applies, the court may take additional evidence *when the irregularities have prevented full development of the administrative record.* In that way the court may, in essence, recreate what the administrative record would have been had the procedure been correct.

Abatie, 458 F.3d at 973 (emphasis added); see also id. at 971 ("Different concerns arise when the administrator fails to adhere to the procedural dictates of ERISA and the plan. We must consider those issues in this case because of the plan administrator's last-minute reliance on a new ground for denial of benefits, *which afforded Plaintiff no opportunity to present relevant evidence in advance of the administrator's final decision.*") (emphasis added).

Unlike Abatie, here it is undisputed that Plaintiff was furnished with the Lewis Report and two opportunities to respond before issuance of a final decision. In this case it was Plaintiff's refusal to comment, not Defendants' alleged stating of a new reason for denial on appeal, that prevented full development of the administrative record. Abatie, 458 F.3d at 973; cf. Orndorf v. Paul Revere Life

---

[4] The parties dispute whether Defendants in fact stated a new reason for denial on appeal. However, the court need not resolve that dispute because even if Defendants did state a new reason, Plaintiff's argument still fails for the reasons provided in this order.

Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005) (rejecting, in ERISA case wherein de novo review applied, Plaintiff's argument that district court should have considered his extra-record evidence when "[t]here is no claim Orndorf was denied an opportunity to present evidence to the administrator."); Davidson v. Prudential Ins. Co., 953 F.2d 1093, 1095 (8th Cir. 1992) (finding that district court properly disregarded ERISA claimant's additional evidence that was known or should have been known to the claimant during administrative proceedings). Abatie's concern justifying admission of extrinsic evidence–that the participant would otherwise have no opportunity to refute the PA's new reason for denial of benefits on appeal–is absent here because Plaintiff was afforded two such opportunities. Accordingly, the exception has no application and Plaintiff's supplemental evidence remains excluded from the record.

Plaintiff also argues that it would be inconsistent for the court to consider the Lewis Report as part of the administrative record on review when Plaintiff was deemed to have exhausted her administrative remedies when she filed suit in September 2005, months before the Lewis Report was brought to her attention.[5] This argument misconstrues the "deemed to have exhausted the administrative remedies under the plan" language of the regulation. 29 C.F.R. § 2560.503-1(*l*). Although this court determined that Plaintiff exhausted her administrative remedies for purposes of her right to seek judicial review, this does not mean that Plaintiff's administrative proceedings were terminated once she filed this suit. Cf. Gatti v. Reliance Standard Life Ins. Co., 415 F.3d 978, 984 (9th Cir. 2005) (providing in dicta that the purpose behind § 2560.503-1(*l*)'s "deemed to have exhausted the administrative remedies available under the plan" language is to allow claimants to seek judicial review, not to cut off an administrator's discretion to grant or deny benefits absent flagrant procedural violations).

In sum, the court has already decided that it will review Defendants' decision for abuse of discretion. Under that standard, the court's review is limited to the administrative record before the Defendants. Plaintiff's supplemental evidence was not before Defendants during administrative review, despite repeated attempts by Defendants to obtain that evidence. Neither exception under

---

[5]The court questions the relevancy of this argument to the present motion, which is whether Plaintiff's extrinsic evidence should be considered by the court in deciding whether Defendants abused their discretion.

Abatie for admission of extrinsic evidence applies. Therefore, the motion must be denied.

Finally, Plaintiff reargues the applicable standard of review. Mot at 22. The court, however, has already decided that issue and the time to bring a motion for reconsideration has expired. CivLR 7.1(I)(2).[6]

**IV. CONCLUSION**

For the foregoing reasons, the motion is **DENIED**. In light of the court's decision, Defendants' Motion to Strike Plaintiff's Post-ERISA Appeal Expert Reports, see Docket No. 82, is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: April 9, 2007

                                    Hon. Jeffrey T. Miller
                                    United States District Judge

cc: All parties

---

[6] In connection with the related motion to strike, Plaintiff cites Estate of Bratton v. Nat'l Union Fire Ins., 215 F.3d 516 (5th Cir. 2000) and Vega v. Nat'l Life Ins., 188 F.3d 287 (5th Cir. 1999) for the proposition that the administrative record closes once litigation has commenced. Not only is Plaintiff rearguing the standard of review in its citation to these cases, Plaintiff also misinterprets them. Bratton and Vega permitted supplementation of the administrative record with extrinsic evidence that was "made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." Vega, 188 F.3d at 300; Bratton, 215 F.3d at 521. That is not the situation here.